**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
**ARCADIA CRYPTO VENTURES, LLC,**
**RICHARD ROFE and JENNIFER ROFE,**          Case No.: 22-mc-268

                       **Petitioners,**

                                                    **PETITION TO ENFORCE**
      v.                                                 **ARBITRATION SUBPOENA**

**MATTHEW KIRINCIC,**

                       **Respondent.**
------------------------------------------------------------------------X

## PETITION TO ENFORCE ARBITRATION SUBPOENA

Petitioners, Arcadia Crypto Ventures, LLC (hereinafter "Arcadia Crypto"), Richard Rofe (hereinafter "Mr. Rofe"), and Jennifer Rofe (hereinafter "Ms. Rofe") (collectively hereinafter Arcadia Crypto, Richard, and Jennifer "Petitioners"), by and through their attorneys, Milman Labuda Law Group PLLC, for its Petition respectfully alleges as follows:

### INTRODUCTION

1. Petitioners seek an order from this Court under the Federal Arbitration Act, 9 U.S.C. § 7, to compel Matthew Kirincic (hereinafter "Kirincic"), to comply with the subpoena issued by Arbitrator Michael Dolinger (hereinafter the "Arbitrator") on June 13, 2022, an arbitrator sitting in this district.

### THE PARTIES

2. At all times hereinafter mentioned, Petitioner, Arcadia Crypto is a New York State Limited Liability Company with its principal place of business located in Great Neck, New York.

3. At all times hereinafter mentioned, Mr. Rofe is the President of Arcadia Crypto, is one of the company's founding members, and is domiciled in the State of New York.

1

4. At all times hereinafter mentioned, Ms. Rofe is a founding member of Arcadia Crypto Ventures and is domiciled in the State of New York.

5. At all times hereinafter mentioned, Respondent, Matthew Kirincic (hereinafter "Kirincic") is a former employee of Arcadia Crypto and is domiciled in the State of New York.

## JURISDICTION AND VENUE

6. This is a proceeding to enforce a subpoena issued in an arbitration arising under Section 7 of the Federal Arbitration Act, 9 U.S.C. §7 (hereinafter the "FAA").

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 as the Petitioners are seeking to enforce an arbitral subpoena under Section 7 of the Federal Arbitration Act, 9 U.S.C. §7.

8. Venue is proper in this judicial district pursuant to 9 U.S.C. §7 because the hearing is to take place before an arbitrator sitting in this district.

9. Venue in this Court is also proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to this petition occurred in this judicial district.

## BACKGROUND

10. On May 6, 2019, Petitioners commenced an action in JAMS Arbitration, JAMS No. 1425029759, against Nithin Eapen (hereinafter "Eapen") and Madhu Kutty (hereinafter "Kutty"), asserting claims of: (i) breach of contract; (ii) breach of duty of good faith and fair dealing; (iii) aiding and abetting breach of contract; (iv) breach of fiduciary duty; (v) aiding and abetting breach of fiduciary duty; (vi) common law fraud; (vii) breach of the duty of loyalty; (viii) violation of the faithless servant doctrine; (ix) fraud by nondisclosure;

(x) aiding and abetting of fraud; (xi) conversion; (xii) fraudulent concealment by fiduciary; (xiii) civil conspiracy; (xiv) deceit; (xv) promissory estoppel; (xvi) unjust enrichment; and (xvii) money had and received for Eapen's and Kutty's apparent theft and mismanagement of funds and cryptocurrency assets held by Petitioners (hereinafter the "Arbitration")

11. The facts of the Arbitration are simple: Petitioners, Eapen and Kutty entered into an agreement wherein Eapen and Kutty would manage Petitioners' cryptocurrency assets, Eapen and Kutty failed to properly manage Petitioners' cryptocurrency and engaged in theft and fraud in the process, stealing Petitioners' cryptocurrency and entering into unauthorized transactions using Petitioners' cryptocurrency.

12. Petitioners engaged the services of Kirincic in assisting the investment of their cryptocurrency during the time Eapen and Kutty were performing services for Arcadia Crypto.

13. Eapen's and Kutty's services ended with Arcadia Crypto in or about the summer of 2018.

14. Petitioners allege in their arbitration proceeding that they discovered that Eapen and Kutty engaged in massive fraud in the handling and investment of Petitioners' crypto assets, including, purchasing tokens from entities without receiving Petitioners' prior approval and concealing the details of the purchases from Petitioners.

15. Petitioners allege inter alia that Eapen and Kutty facilitated the purchase of tokens under false pretenses.

16. Petitioners allege that Eapen and Kutty are improperly holding tokens purchased with Petitioners crypto assets and have refused to provide Petitioners with the tokens.

17. Kirincic assisted Petitioners in tracking the purchasing activities Eapen and Kutty engaged that Petitioners did not authorize. As such he has material information relevant to Petitioners' claims.

18. On June 13, 2022, the Arbitrator issued a summons, in compliance with the FAA, for Kirincic to attend a virtual hearing on July 14, 2022 at 10:00 a.m., in order to provide testimony and documents regarding Kirincic's winding down of Arcadia Crypto, which is relevant to the Arbitration. (hereinafter the "Arbitral Subpoena"). A copy of the Arbitral Subpoena is annexed hereto as **Exhibit "A."**

19. On June 14, 2022, Petitioners served the Arbitral Subpoena on Kirincic, which the arbitrator has signed, ordering him to produce all relevant documents in his possession. A copy of the affidavit of service for the Arbitral Subpoena is annexed hereto as **Exhibit "B."**

20. Petitioners' counsel and Kirincic communicated on numerous occasions wherein Kirincic stated that he would appear at the virtual hearing on July 14, 2022 at 10:00 a.m. A copy of email correspondence between Petitioners' counsel and Kirincic is annexed hereto as **Exhibit "C."**

21. Despite Kirincic's assurances that he would virtually appear on July 14, 2022 at 10:00 a.m., Kirincic failed to appear.

**KIRINCIC MUST BE COMPELLED TO COMPLY WITH THE ARBITRAL SUBPOENA PURSUANT TO 9 U.S.C. § 7**

22. Kirincic's failure to comply with the Arbitral Subpoena is a violation of the clear and consistent line of federal cases holding that it is the duty of the arbitrator to make procedural decisions during the course of an arbitration. See John Wiley & Sons v. Livingston, 376 U.S. 543 (1964); Local 757, International Brotherhood of Teamsters v. Borden, Inc., 1971 WL 801 (S.D.N.Y. September 24, 1971) (holding "it is properly [the

4

arbitrator's] function to determine the relevancy and materiality of the documents requested and whether production should be ordered.").

23. Here, the Arbitrator gave each party an opportunity to be heard on the Arbitral Subpoena, has already determined that the subpoenaed testimony and documents are probative, and has ordered their disclosure.

24. The Arbitrator was empowered to issue the subpoena pursuant to 9 U.S.C. § 7, which states, in pertinent part, that "arbitrators ... may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case." See 9 U.S.C. §7; see also Turner v. CBS Broad. Inc., 2022 U.S. Dist. LEXIS 75097, F.Supp.3d, 2022 WL 1209680 at *1 (S.D.N.Y. 2022).

25. Furthermore, the parties agreed to arbitrate the subject matter of this dispute before the JAMS Arbitration. Pursuant to JAMS' arbitration rules, the Arbitrator has the explicit power to, *inter alia,* compel production of documents.

26. As a result of Kirincic's refusal to comply with the subpoena issued by the Arbitrator, Petitioners are unable to obtain critical information necessary to assert their claims at the Arbitration. Kirincic's refusal to comply with the subpoena has left Petitioners with no other recourse but to file the within Petition. Arbitrator Dolinger has been empowered by the parties, through the JAMS rules of labor arbitration to determine the admissibility and materiality of evidence. After hearing arguments from both parties, Arbitrator Dolinger determined that the requested information was relevant and material and issued the Arbitral Subpoena for Kirincic to produce such information.

**WHEREFORE,** Petitioners respectfully requests this Court enter an Order:

    a. Compelling compliance with the arbitration subpoena dated June 13, 2022, as provided in 9 U.S.C. §7;

    b. for costs and expenses in connection with the prosecution of this action; and

    c. for such other and further relief as this Court may deem just and equitable.

Dated: Lake Success, New York
       September 20, 2022

**MILMAN LABUDA LAW GROUP PLLC**

_____/s/_____
Michael J. Mauro, Esq.
Kyle F. Monaghan, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
michael@mllaborlaw.com
kyle@mllaborlaw.com

*Attorneys for Petitioners*